UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re: )
  OTTO (NMN) MEKIS and ) Chapter 13
  SHARON LOU MEKIS a/k/a ) Case No.
  Sharon L Mekis     Debtor(s).)

**CHAPTER 13 PLAN INCLUDING VALUATION OF COLLATERAL
AND CLASSIFICATION OF CLAIMS**

**Date of Plan: October 19, 2009**

**I. RELEVANT INFORMATION**

  **A.** Prior bankruptcies pending within one year of the petition date for this case: **None.**

  **B.** The debtor(s): **X** is eligible for a discharge; or
      ___ is not eligible for a discharge and is not seeking a discharge.

  **C.** Prior state of domicile: within 730 days Colorado
          within 910 days Colorado.
  The debtor is claiming exemptions available in the state of Colorado or federal exemptions.

  **D.** The debtor owes or anticipates owing a Domestic Support Obligation as defined in 11 U.S.C. §101(14A). Notice will/should be provided to these parties in interest: **None**
  Parent; Government; Assignee or other

  **E.** The current monthly income of the debtor, as reported on Form 22C is **X** below ___ equal to or ___ above the applicable median income.

**II. PLAN ANALYSIS**

  **A. TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES**
    1. Total Priority Claims (Class One)
      a. Unpaid attorney's fees.......................... $ 2,250.00
        Total attorneys fees are estimated to be $3,100 of which $850 has been prepaid.
      b. Unpaid attorney's costs (estimated)............. $   100.00
      c. Total Taxes.................................... $     0.00
        Federal: $0.00; State: $0.00
      d. Other: (None)................................. $     0.00
    2. Total of payments to cure defaults (Class Two)....... $     0.00
    3. Total of payments on secured claims (Class Three).... $11,750.00
    4. Total of payments on unsecured claims (Class Four).. $ 1,970.00
    5. Sub-total............................................ $16,070.00
    6. Total trustee's compensation (10% of payments)....... $ 1,607.00
    7. Total debt and administrative expenses............... $17,677.00

  **B. RECONCILIATION WITH CHAPTER 7**
    *THE PROPERTY VALUES SET FORTH BELOW ARE LIQUIDATION VALUES
RATHER THAN REPLACEMENT VALUES WHICH MAY APPEAR IN CLASS THREE IN THE PLAN*

1. Assets available to Class Four unsecured creditors if Chap 7 filed
   a. Value of debtor's interest in non-exempt prop... $   387.00

| Property | FMV | less Cost of Sale | less Liens | X Debtors Interest | less Exemption | = Net Value |
|---|---|---|---|---|---|---|
| Cash & Bank accounts | 387 | | | | | 387 |
| | | | | | | |

   b. Plus: value of property recoverable under
      avoiding powers................................. $   0.00
   c. Less: estimated Ch 7 administrative expenses.... $   96.00
   d. Less: amounts payable to priority creditors
      other than costs of administration.............. $   0.00
   e. Equals: estimated amount payable to Class Four
      creditors if Chapter 7 filed (0 if neg.)........ $   291.00
2. Estimated payment to Class Four unsecured creditors
   under the Chapter 13 Plan plus any funds recovered from
   "Other Property" described in Section III.A.3 below.. $ 1,970.00

III. **PROPERTIES AND FUTURE EARNINGS SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE**
  A. The Debtor submits to the supervision and control of the Trustee all or such portion of the debtor's future earnings or other future income as is necessary for the execution of the plan, including:
     1. Future earnings of **$492.00** per month which shall be paid to the trustee for a period of approximately **36** months, beginning **November 18, 2009**.

| Amount | Number of Months | Total |
|---|---|---|
| 492 | 36 | 17,712 |
| | | |
| One time payment & date | N/A | |

     2. Amounts for the payment of Class Five post-petition claims:
        included in above............................$   0.00
     3. Other property: **None**.

*AT THE TIME THE FINAL PAYMENT IS SUBMITTED TO THE TRUSTEE, THE DEBTOR SHALL FILE WITH THE COURT THE CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATIONS REQUIRED BY 11 U.S.C. §1328(A) AND, IF NOT ALREADY FILED, INTERIM FORM B23 REGARDING COMPLETION OF FINANCIAL MANAGEMENT INSTRUCTION REQUIRED BY 11 U.S.C. §1328(g)(1).*

  B. Debtor agrees to make payments under the Plan as follows:
     ☒ DIRECT PAYMENT: From Debtor to Trustee
     ☐ VOLUNTARY WAGE ASSIGNMENT TO EMPLOYER:

IV. **CLASSIFICATION AND TREATMENT OF CLAIMS**
*CREDITOR RIGHTS MAY BE AFFECTED. A WRITTEN OBJECTION MUST BE FILED IN ORDER TO CONTEST THE TERMS OF THIS PLAN. CREDITORS OTHER THAN THOSE IN CLASS TWO A AND CLASS THREE MUST FILE TIMELY PROOFS OF CLAIM IN ORDER TO RECEIVE THE APPLICABLE PAYMENTS.*

  A. **CLASS ONE - Claims entitled to priority under 11 U.S.C §507.** Unless other provision is made in paragraph V.(C), each creditor in Class One

shall be paid in full in deferred cash payments prior to the commencement of distributions to any other class (except that payments to Trustee shall be made by deduction from each payment made by the debtor to the Trustee) as follows:
1. Allowed administrative expenses
   a. Trustee's compensation (10% of amounts paid by debtor under this Plan).......................... $ 1,607.00
   b. Attorneys fees (estimated & subject to allowance).$ 2,250.00
   c. Attorneys costs (estimated & subject to allowance)$   100.00
2. Other priority claims to be paid in the order of distribution provided by 11 U.S.C. §507............. $     0.00
   a. Domestic Support Obligations: **None.**
   b. Federal Taxes......................................$     0.00
   c. State Taxes........................................$     0.00
   d. Other Taxes(Describe).............................$     0.00
   e. Other Class One Claim (if any)(describe)......... $     0.00
   [X] **None.**


B. **CLASS TWO - Defaults**
   1. **Class Two A - Claims set forth below are secured only by an interest in real property that is the Debtor's principal residence.** Defaults shall be cured and regular payments shall be made. **None.**

   2. **Class Two B - Pursuant to 11 U.S.C. §1322(b)(5), secured (other than claims secured only by an interest in real property that is the Debtor's principal residence) or unsecured claims set forth below on which the last payment is due after the date on which the final payment under the plan is due.** Defaults shall be cured and regular payments shall be made. **None.**

   3. **Class Two C - Executory contracts and unexpired leases.** Executory contracts and unexpired leases are rejected, except the following which are assumed.

| Other Party to Lease or Contract | Property, if any, Subject to the Contract or Lease | Total Amount to Cure, if any | No. of Months to Cure | Regular Monthly Payment Made Directly to Creditor and Date of First Payment |
|---|---|---|---|---|
| None | | | | |

*In the event Debtor rejects the lease or contract, creditor shall file a proof of claim or amended proof of claim reflecting the rejection of the lease or contract within 30 days of the entry of the order confirming this plan, failing which the claim may be barred.*

C. **CLASS THREE - All other allowed secured claims (other than those designated in Classes Two A and Two B above) shall be divided into separate classes to which 11 U.S.C. §506 shall or shall not apply as follows:**
   1. **Secured claims subject to 11 U.S.C. §506.** The following creditors shall retain the liens securing their claims *until discharge under 11 U.S.C. §1328 or payment in full under nonbankruptcy law*, and they shall be paid the amount specified which represents the lesser of:
      a. The value of their collateral (approximately 29 months to pay) or
      b. the remaining balance payable on the debt over the period required to pay the sum in full.

| Creditor | A or B (above) | Description of Collateral | Replacement Value of Collateral | Amount of Debt as Scheduled | Intrst Rate | Total Amount Payable |
|---|---|---|---|---|---|---|
| Nuvell Credit Co LLC | A | 2004 Saturn Vue | $10,400.00 | $12,356.98 | 10% | $11,750.00 |

*IF DEBTOR IS PROPOSING TO MODIFY THE RIGHTS OF A SECURED CREDITOR, DEBTOR MUST SPECIFICALLY SERVE THE CREDITOR IN THE MANNER SPECIFIED IN FED.R.BANKR.P. 9014 AND 7004*

2. **Secured claims to which 11 U.S.C. §506 shall not apply.** The following creditors shall retain the liens securing their claims, and they shall be paid the amount specified which represents the remaining balance payable on the debt over the period required to pay the sum in full. **None.**

3. The Debtor(s) surrender(s) the following property securing an allowed claim to the holder os such claim:

| Creditor | Property | Anticipated Date of Surrender |
|---|---|---|
| None | | |

Relief from the automatic stay to permit enforcement of the liens encumbering surrendered property shall be deemed granted by the Court at the time of confirmation of this Plan. With respect to property surrendered, no distribution on the creditor's claim shall be made unless that creditor files a proof of claim to take into account the surrender of the property.

4. **Adequate Protection ("AP"):** The following creditor(s) shall receive payments in the nature of adequate protection pursuant to T.L.B.R. 2083-1, if applicable, or upon confirmation of the plan as follows:

| Creditor | Collateral | AP Payment Paid Through the Trustee | AP Payment Paid By the Debtor(s) | Total Payable Monthly in Equal Periodic Payments |
|---|---|---|---|---|
| Nuvell Credit Co LLC | 2004 Saturn Vue | $125.00 | $ 0.00 | $ 750.00 |

D. **Class Four - Allowed unsecured claims not otherwise referred to in Plan.** Class Four claims are provided for in an amount not less than the greater of:
   1. The amount necessary to meet the best interest of creditors pursuant to U.S.C §1325(a)(4) as set forth in Part II; or
   2. Total disposable income for the applicable commitment period defined by 11 U.S.C. §1325(b)(1)-(4).
   The monthly disposable income of $0.00 has been calculated on Form 22C. Total disposable income is $0.00 which is the product of monthly disposable income of $0.00 times the applicable period of 36 months.
   a. [X] Class Four claims are of one class and shall share pro rata the sum of **$1,970.00** and shall be paid all funds remaining after payment by the Trustee of all prior classes; or
   A timely claim, found by the Court to be non-dischargeable pursuant to 11 U.S.C. §523(a)(2), (4), or (6), will share in the distribution to Class Four. Collection of the

balance is stayed until the case is dismissed, converted to a Chapter 7 or discharge enters, unless ordered otherwise.
  b. [ ] Class Four claims are divided into more than one subclass as follows:

**E. Class Five (if none, indicate) - Post-petition claims allowed under 11 U.S.C. §1305.** Post-petition claims allowed under §1305 shall be paid as follows: **None.**

**V. OTHER PROVISIONS**
  **A.** Payment will be made directly to the creditor by the Debtor(s) on the following claims:

| Creditor | Collateral, if any | Monthly Payment | No. of Months to Payoff |
|---|---|---|---|
| American Home Mortgage Service Inc | Residential home @ 1010 Arch St, Colo Springs CO 80904 | 1,538.98 | 309 |

  **B.** The effective date of this Plan shall be the date of entry of the Order of Confirmation.

  **C. Order of Distribution:**
    1. [X] The amounts to be paid to the Class One creditors shall be paid in full, except the Chapter 13 Trustee's fee shall be paid up to, but not more than, the amount accrued on actual payments made to date. After payment of the Class One creditors, the amounts to be paid to cure the defaults of the Class Two A, Two B and Two C creditors, if any, shall be paid in full before distributions to creditors in classes Three, Four and Five. The amounts to be paid to the Class Three creditors shall be paid in full before distributions to creditors in classes in Four and Five. Distributions under the plan to unsecured creditors will only be made to creditors whose claims are allowed and are timely filed pursuant to Fed.R.Bankr.P. 3002 and 3004 and after payments are made to Classes One, Two A, Two B, Two C and Three above in the manner specified in Section IV.

    2. [ ] Distributions to classes of creditors shall be in accordance with the order set forth above, except:

  **D. Motion to Void Liens under 11 U.S.C §522(f).** In accordance with Fed.R.Bankr.P. 4003(d), Debtor(s) intend to file, or have filed, *by separate motion served in accordance with Fed.R.Bankr.P. 7004*, a motion to void lien pursuant to 11 U.S.C. §522(f) as to secured creditors listed below:

| Creditor | Collateral | Date Motion to Void Lien Filed | Date of Order Granting Motion or Pending |
|---|---|---|---|
| Pinnacle Credit Services, LLC | Residential Home @ 1010 Arch St | Nov 2009 | Pending |

  **E. Student Loans: None.**

  **F. Restitution: None.**

    G. **OTHER:** None.

VI. **REVESTMENT OF PROPERTY IN DEBTOR**
    All property of the estate shall vest in the debtor(s) at the time of confirmation of this Plan.

VII. **INSURANCE**
    Insurance in an amount to protect liens of creditors holding secured claims is currently in effect and will [X] will not [ ] be obtained and kept in force throughout the period of the Plan.

| Creditor to Whom This Applies | Collateral Covered | Coverage Amount | Insurance Co., Policy No. and Agent Name, address, Phone No. |
|---|---|---|---|
| American Home Mortgage Service Inc | Residential home | Full | paid via escrow to State Farm |
| Nuvell Credit Co LLC | 2004 Saturn Vue | Full | State Farm |
|  |  |  |  |

    [X] Applicable policies will be endorsed to provide a clause making the applicable creditor a loss payee of the policy.

VIII. **POST-CONFIRMATION MODIFICATION**
    The debtor shall file and serve upon all parties in interest a modified plan that will provide for allowed priority and allowed secured claims that were not filed and/or liquidated at the time of confirmation. The value of property to satisfy 11 U.S.C. §1325(a)(4) may be increased or reduced with the modification if appropriate. The modification will be filed no later than one year after the petition date. Failure of the debtor to file the modification may be grounds for dismissal.

Dated: 10·19·09

_____
John A. McLaughlin, Jr. #11477
JOHN A. McLAUGHLIN, JR., P.C.
210 N. Corona Street
Colorado Springs, CO 80903
Telephone: (719) 633-1333
Facsimile: (719) 520-0852
Attorney for Debtor(s)

_____
Otto Mekis

_____
Sharon L. Mekis